## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, | § | |
| INC. AND ENERGY INTELLIGENCE | § | |
| GROUP (UK) LIMITED, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1945 |
| | § | |
| TUDOR, PICKERING, HOLT & CO. | § | |
| SECURITIES, INC., | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

This copyright infringement case is before the Court on the Motion for Judgment on the Pleadings ("Motion") [Doc. # 25] filed by Defendant Tudor, Pickering, Holt & Co. Securities, Inc. ("TPH"). Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively, "EIG"), filed a Response [Doc. # 30], and TPH filed a Reply [Doc. # 31]. Having reviewed the full record and the applicable legal authorities, the Court **denies** the Motion.

## I.   BACKGROUND

EIG publishes a copyrighted daily newsletter, *Oil Daily*, to individuals with an interest in the oil and gas industry. EIG requires interested parties to purchase a subscription to access the information in *Oil Daily*. Certain subscriptions, including the one at issue in this case, allow an Authorized User to receive *Oil Daily* by e-mail.

TPH has a single-user subscription with EIG for e-mail delivery of *Oil Daily* to Ms. Shannon Butler.  EIG alleges that TPH engaged in copyright infringement when it permitted unauthorized distribution of *Oil Daily* to individuals not named as an Authorized User in the license.

TPH has moved for judgment on the pleadings, arguing that EIG's allegations may state a claim for breach of contract, but not for copyright infringement.  The Motion has been fully briefed and is ripe for decision.

## II.   APPLICABLE LEGAL STANDARD

The standard for judgment on the pleadings under Rule 12(c) is the same as that governing motions to dismiss for failure to state a claim under Rule 12(b)(6).  *See In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  The Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson*, 385 F.3d at 529.  The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *U.S. v. Renda Marine, Inc.*, 667 F.3d 651, 654-55 (5th Cir. 2012) (quoting *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007)).

Additionally, claims may be subject to dismissal under Rule 12(c) when a "successful affirmative defense appears on the face of the pleadings." *See Union Pacific R.R. Co. v. Harris Co., Tex.*, 790 F. Supp. 2d 568, 580-81 (S.D. Tex. 2011) (citing *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994); *In re Dynegy, Inc. Sec. Litig.,* 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004)).

## III.   **ANALYSIS**

To prevail on a claim of copyright infringement, "a party must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (internal quotations and citation omitted).  The second element requires proof of both factual copying and substantial similarity. *Id.*  "[T]he existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement." *Id.* (citing *Carson v. Dynegy, Inc.,* 344 F.3d 446, 451 n.5 (5th Cir. 2003)).  The defendant bears to burden to prove the existence of a license. *Id.*

EIG alleges, and it is undisputed, that it has a copyright for the publications of *Oil Daily*.  EIG alleges that TPH copied and distributed *Oil Daily* to unauthorized users.  *See* Complaint, ¶¶ 37, 47.  These allegations, if proven, state a claim of copyright infringement.

TPH argues as an affirmative defense that it has a license from EIG for the *Oil Daily* publications and, as a result, there can be no copyright infringement.  EIG agrees that TPH has a license, but alleges that it has only a single-user subscription license.[1]   The parties agree that for TPH to be liable to EIG for copyright infringement, TPH must have acted beyond the scope of its license with EIG.  *See* Motion [Doc. # 25], at 5; Response [Doc. # 30], at 8.

The Subscription Agreement provides that the EIG Services – in this case the *Oil Daily* publications – "may be accessed and/or used solely by the individual(s) expressly named on this invoice under the 'Shipped to' notation."  *See* Subscription Agreement, p. 1.  The individual named under the "Shipped to" notation, Ms. Shannon Butler, is the "Authorized User."   The Subscription Agreement provides that the Authorized User "can only be a living individual and never a company, organization or any other entity."  *Id.*   "Each Authorized User is authorized to access and use the EIG Services on an individual, per-person basis . . .."  *Id.*   "Use of the EIG Services by any person not an Authorized User is prohibited."   *Id.*   The Subscription Agreement provides that nothing therein "shall be construed as conferring any

---

[1]     A copy of the Subscription Agreement is attached as Exhibit C to the Complaint [Doc. # 1].  Documents attached to a plaintiff's complaint may be considered when deciding a Rule 12(c) motion for judgment on the pleadings.  *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

additional license or right under any copyright or any other intellectual property right." *Id.*

The Subscription Agreement prohibits copying EIG Services "in any form for the benefit of any unauthorized third party not subject to a valid and subsisting license agreement with EIG for the same EIG Services" without prior written consent from EIG. *Id.* The Subscription Agreement provides that any "unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights." *Id.*

From this language, it appears that the license to TPH is limited to access and use of *Oil Daily* only by the Authorized User, Ms. Shannon Butler. Indeed, Plaintiff alleges specifically that EIG did not grant TPH permission to "copy, distribute or forward" any electronic issues of *Oil Daily*. *See* Complaint, ¶ 38. Plaintiff alleges also that the Subscription Agreement does not permit "copying, distributing or forwarding" *Oil Daily*. *See id.*, ¶ 39. Plaintiff alleges that the license to TPH was limited to a single user, and that TPH was not licensed to use the electronic publications of *Oil Daily* beyond the single-use license. *See id.*, ¶ 46, ¶ 49. These allegations are sufficient to state a claim of copyright infringement through use of the *Oil Daily* publications beyond the scope of the single-user license.

TPH argues that the provisions regarding access only by the Authorized User and the prohibitions against copying and distributing to individuals other than the Authorized User are merely "covenants," and any breach of those covenants would constitute a breach of contract, not copyright infringement. *See* Motion, p. 10-11 (citing *Netbula, LLC v. Storage Tech. Corp.*, 2008 WL 228036 (N.D. Cal. Jan. 18, 2008) and *Quest Software, Inc. v. DirecTV Operations, LLC*, 2011 WL 4500922 (C.D. Cal. Sept. 26, 2011)).  TPH argues that it is licensed to access and use the electronic publications of *Oil Daily*, and that copying and disseminating the electronic publications of *Oil Daily* are prohibited only when for the benefit of "any unauthorized third party not subject to a valid and subsisting license agreement with EIG for the same EIG Services."  TPH argues that copying and disseminating the publications to TPH employees other than Ms. Butler is not for the benefit of "unauthorized third parties."

Plaintiff argues, however, that the provisions are limitations on the scope of the license.  Plaintiff's allegations, and the language of the Subscription Agreement, indicate that anyone at TPH other than Ms. Shannon Butler was an "unauthorized third party not subject to" the single-user license.  The Subscription Agreement "restricts the way the licensed material may be used and is part and parcel of the license grant itself."  *See Netbula,* 2008 WL 228036 at *5.  The language clearly

"appears to limit the scope of the license itself and is not a separate contractual covenant." *See id.*

TPH's reliance on the California District Court's decision in *Quest Software*, 2011 WL 4500922, is similarly misplaced.  In that case, the "license" specifically permitted use of the software on additional CPUs for an additional fee.  In the EIG Subscription Agreement, however, it is clear that only one "living individual" was licensed to access and/or use the *Oil Daily* publications.  Rather than providing that use by additional individuals would incur an additional fee, the Subscription Agreement in this case provides that copying and disseminating the publications to unauthorized individuals "shall be deemed willful infringement of EIG's copyright . . .." *See* Subscription Agreement at 1.

Plaintiff's allegation that unauthorized copying and dissemination of the electronic publications of *Oil Daily* for the benefit of anyone other than Ms. Butler are beyond the scope of the license states a claim for copyright infringement.

## IV.   CONCLUSION AND ORDER

Plaintiffs have alleged a viable claim for copyright infringement.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. # 25] is **DENIED**.

**SIGNED** at Houston, Texas, this **28th** day of **January, 2013**.

Nancy F. Atlas
United States District Judge